UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Gerald McCann and Judith McCann,

    Plaintiffs,

v.

Macy's Inc., *et al.*,

    Defendants.

Civil Action No.
3:18-cv-851 (PGS) (LHG)

**MEMORANDUM
AND ORDER**

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion filed by plaintiffs to amend the complaint and remand the action to state court. This slip-and-fall action was initially filed in New Jersey Superior Court, Middlesex County, and removed to federal court. Plaintiff now seeks to add as a defendant Lisa Kwiatkowski, a citizen of New Jersey, allegedly the store manager where the underlying incident occurred. (Certification of William Bock (Bock Cert.), ECF No. 7-1 at 23, 26). For the reasons stated herein, the Court, in its discretion, shall deny plaintiff's motion for leave to amend.

### BACKGROUND

On or about December 24, 2016, plaintiff Gerald McCann[1] slipped and fell while at Macy's East Brunswick in the Brunswick Square Mall. (Second Amended Complaint (SAC) at ¶ 1-3). Plaintiff alleges defendants negligently "owned, leased, maintained managed, controlled, operated,

---

[1] In addition – and unrelated to this motion – Mr. McCann's wife Judith McCann is also a plaintiff, alleging she has been "deprived of the services, society and consortium of plaintiff Gerald T. McCann." (SAC at 4). For simplicity, the Court shall refer to "plaintiff" rather than "plaintiffs" herein.

inspected, constructed, and/or designed said premises so as to cause a hazardous condition to exist and cause Plaintiff to slip and fall," (SAC at ¶ 4), and "failed to warn plaintiff" of same, (SAC at ¶ 4). Plaintiff alleges he: suffered "permanent injuries" and present and future "great pain"; "has and will in the future be required to expend large sums of money for the cure and treatment of his injuries" and "lost wages"; and "has been and will in the future be unable to pursue his normal daily activities as before." (SAC at ¶ 5).

Plaintiffs are both citizens of New Jersey. (Notice of Removal (NOR), ECF No. 1 at ¶ 1). The amended complaint (which was removed) named the following defendants: Macy's, Inc. (a Delaware corporation with its headquarters in Ohio); Brunswick Square Mall, LLC (a Delaware corporation with its headquarters in Indiana); WP Glimcher (an Indiana corporation with offices in Ohio); and Diversified Maintenance Systems, Inc. (a Delaware corporation with its principal place of business in Illinois). (NOR at ¶ 3-11). Upon information provided to the Court, plaintiff suffered a fractured elbow and his claim exceeds $75,000. (*See* NOR at ¶ 16-17).

Plaintiff filed the initial complaint in state court in September 2017 and filed an amended complaint in November 2017. (NOR at ¶ 1, 12). On December 20, 2017, after amending the complaint once, plaintiff filed a motion for leave to file a second amended complaint adding Suzanne Palumbo, a citizen of New York, as a defendant upon the belief that she was the floor manager at Macy's East Brunswick. (NOR at ¶ 13-15; Bock Cert. at ¶ 18 & Ex. E, F).

On January 22, 2018, defendant Diversified filed a notice of removal,[2] initiating the action in federal court. The state-court judge granted plaintiff's motion for leave to amend the next day

---

[2] The Court recognizes there may be an issue as to whether Defendant's removal was timely. *Compare* 28 U.S.C. § 1446(b)(3) (commencing the 30-day time period to file a notice of removal upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable") *with Stephens v. Gentillo*, 853 F. Supp. 2d 462, 471 (D.N.J. 2012) (questioning whether "deposition testimony constituted an 'other paper' on which Defendants could base removal"). However, any claim that removal was defective is moot because this motion was filed well over thirty days after removal. *See Ariel Land Owners v. Dring*, 351 fed 611, 613 (3d Cir. 2003); 28 U.S.C. § 1447(c).

2

but later vacated its order because the notice of removal was filed before the order. After the case was removed, plaintiff filed this motion for leave to amend the complaint to add Kwiatkowski and, as Kwiatkowski's joinder would divest the Court of diversity jurisdiction, also moved to remand. Defendants oppose the motion, arguing "that Plaintiff's application to amend and remove is done for the purposes of fraudulent joinder and that Ms. Kwiatkowski's addition to this lawsuit has no impact upon Plaintiff's liability or damages in the foregoing action." (Defendants' Brief, ECF No. 8-2, at 6-7).

## JURISDICTION

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and, although it is not alleged in any of the complaints, it appears from the notice of removal that the amount in controversy exceeds $75,000. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (holding that dismissal is not warranted unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount").

## LEGAL ANALYSIS

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires. Leave to amend pleadings is to be freely given. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

"Though not constitutionally required, the Supreme Court has long insisted, as a matter of statutory interpretation, that complete diversity between plaintiffs and all defendants exist." *Chem.*

*Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Addition of a nondiverse party will defeat jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). When faced with an allegation that joinder after removal is made solely to defeat federal jurisdiction, courts in this district have looked to the test set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). *Hayden v. Westfield Ins. Co.*, 586 Fed. App'x 835, 840-41 (3d Cir. 2014); *Milko v. Int'l Flavors & Fragrances, Inc.*, No. 15-cv-8219(MAS)(TJB), 2016 WL 8709998 at 6-8 (D.N.J. July 29, 2016).

Under *Hensgens* the District Court "should use its discretion in deciding whether to allow [a nondiverse nonindispensible] party to be added." 833 F.2d at 1182. The court should consider four factors: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* "The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Id.*

The parties and the Court agree that the second factor weighs in favor of remand because plaintiff filed this motion within two weeks of Macy's identifying her. (*See* Defendants' Brief, ECF No. 8-2, at 7; Plaintiff's Reply, ECF No. 9, at 3). However, the remaining factors weigh against permitting the amendment.

As to the first factor, plaintiff has set forth no detailed allegations of Kwiatkowski's liability. He merely states, in a conclusory manner, that she, along with the other defendants, "negligently owned, leased, maintained, managed, controlled, operated, inspected, constructed,

and/or designed" the premises. (Second Amended Complaint, ECF No. 7-9, at ¶ 3). The Court recognizes that under New Jersey law, "[w]here an injury is caused by the negligence of a servant acting in the line of his employment, a joint action may be maintained against the servant and the master, or against either of them separately." *Walker v. Choudhary*, 425 N.J. Super. 135, 148-49 (N.J. Super. Ct. App. Civ. 1966). However, plaintiff has set forth no separate and distinct cause of action against Kwiatkowski; the allegations arise out of the same transaction as to all defendants. Accordingly, plaintiff's attempt to join a non-diverse party by setting forth bald-faced conclusions with neither detailed allegations nor a separate cause of action leads the Court to conclude that the first factor – the extent to which the purpose of the amendment is to destroy diversity jurisdiction – weighs against permitting amendment and remand.

The Court also finds that the third factor – the extent to which plaintiff will be significantly injured if amendment is not allowed – also weighs strongly against Plaintiffs' amendment and remand. Obviously, Plaintiff has set forth claims against the "deep pocketed" defendants – Macy's, Brunswick Square Mall, Diversified Maintenance Systems, and WP Glimcher; and adding Kwiatkowski is of little consequence to the value of the claim. Therefore, the Court finds no risk that plaintiff will be significantly harmed by proceeding in federal court without adding that individual.

Finally, the balance of equities also weighs against amendment here. By adding a defendant, the litigation will be delayed by the time it takes to file the amended complaint, service of the amended complaint, and the time for defendant to answer or otherwise respond. As stated, the parties from whom plaintiff will realistically recover financially are already named as defendants, there is no reason to incur further delay. See, *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

## Order

The Court has considered the arguments submitted by the parties and held oral argument on the matter. Accordingly, for the reasons stated herein and for good cause shown,

**IT IS** on this 17th day of January, 2019,

**ORDERED** that plaintiff's motion for leave to amend the complaint and to remand the matter to the Middlesex County Superior Court, (ECF No. 7), is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.